Russell B. Weekes (# 10214)
WEEKES LAW, LLC
491 N. Bluff St., Ste. 201
St. George, Utah 84770
P. (801) 228-0251
E: rbw@weekes-law.com

Jared Bramwell (#9582)
Kelly & Bramwell, P.C.
11576 South State St. Bldg. 1002
Draper, Utah 84020
Telephone: (801) 495-2559
Facsimile: (801) 495-0621
Email: jared@kellybramwell.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DUSTIN BINGHAM, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action*,<br><br>*Plaintiff*,<br><br>v.<br><br>DOTERRA INTERNATIONAL, LLC, DOTERRA UNITED STATES, LLC, and DOTERRA, INC.<br><br>*Defendants*. | COMPLAINT<br><br>Case No.<br><br>Judge _____ |

Plaintiff complains of the defendants and alleges as follows:

INTRODUCTION

1.      Plaintiff brings this action against Defendants doTERRA International, LLC, doTERRA United States, LLC, and doTERRA, Inc. (collectively "Defendants"), which own, operation, and do business as doTERRA ("doTERRA"), to recover unpaid overtime wages, liquidated and statutory damages, attorney's fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiffs assert their FLSA claims, individually and on behalf of those similarly situated, as a collective action, pursuant to 29 U.S.C. §216(b).

2.      Plaintiff and those they seek to represent are current and former non-exempt employees at doTERRA. As non-exempt employees, Defendants pay them an hourly wage or salary, plus various non-discretionary bonuses, pursuant to an express, implied contract, or other agreement or promise, which they were promised at hiring.

3.      Defendants violate the FLSA by failing to pay Plaintiffs overtime pay for any hours above forty hours in any workweek at a rate not less than one and one-half time the regular rate at which he or she is employed as required by 29 U.S.C. §207(a)(1).

4.      The regular rate must include all compensation for employment, except for certain exclusions expressly permitted by the FLSA. The employee's overtime pay must be calculated using the average hourly rate derived from all compensation, including non-discretionary bonuses and incentives. 29 U.S.C. §207(e); 29 C.F.R. §778.211.

5.      Defendants violated the FLSA by failing to include non-discretionary bonuses in the Plaintiffs' regular rate as defined by Section 207(1)(e) and CFR §778.211.

6.      As a result of these violations, Defendants have failed to pay the required overtime wages. Plaintiff and those they seek to represent are therefore entitled to recover the

overtime wages, liquidated and damages, pre- and post-judgment interest, and all attorneys' fees and costs pursuant to the FLSA.

## JURISDICTION

7. This Court has subject matter jurisdiction over Plaintiffs' claims because they are brought pursuant to the FLSA, 29 U.S.C. §216(b), and because they raise a federal question pursuant to 28 U.S.C. §1331.

8. Venue for this action properly lies in the District of Utah pursuant to 28 U.S.C. 1391 because the claims arose in this judicial district, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

9. Plaintiff Dustin Bingham ("Bingham") is a resident of Utah County, State of Utah and was employed as a non-exempt employee by defendants from approximately September 2017 to May 2023.

10. At all relevant times, Plaintiff and members of the collective class have been an employee within the meaning of Section3(e) of the FLSA, 29 U.S.C. § 203(e).

11. Upon information and belief, Defendant doTERRA International, LLC is a Utah limited liability company with principal offices at 389 S. 1300 W., Pleasant Grove, Utah 84062.

12. Upon information and belief, Defendant doTERRA United States, LLC is a Utah limited liability company with principal offices at 389 S. 1300 W., Pleasant Grove, Utah 84062.

13. Upon information and belief, Defendant doTERRA, Inc. is a Utah corporation with principal offices at 389 S. 1300 W., Pleasant Grove, Utah 84062.

14. At all times relevant to this Complaint, doTERRA: (i) have and continue to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

15. At all times relevant to this Complaint, doTERRA was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Defendant.

16. Upon information and belief, at all times relevant to this Complaint, doTERRA employed over one thousand non-exempt employees working in the State of Utah.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff assert his FLSA claims pursuant to 29 U.S.C. §216(b) as a collective action on behalf of the following similarly situated employees:

> All current and former hourly, non-exempt employees, including but not limited to those employed in the call center, product center, manufacturing, fulfillment, or other non-exempt employees with similar job duties employed at any facility owned/operated by Defendants in Utah during the time period three years prior to the filing of the original Complaint until resolution of this action (the "Collective Class").

18. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and the Collective Class, have worked pursuant to the same common overtime compensation calculation practices and policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. §216(b) and the associated case law.

## CAUSE OF ACTION

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Plaintiff asserts his claims on behalf of himself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. §216(b).

21. Plaintiffs and the Collective Class are employees entitled to the FLSA's protections.

22. Defendants are employers covered by the FLSA.

23. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. *See* 29 U.S.C. §207(a)(1); 29 C.F.R. §778.211.

24. The "regular rate of pay", as that term is defined by Section 207(1)(e), includes "all remuneration for employment paid to, or on behalf of, the employee," including quarterly basic performance, up-sell, and other nondiscretionary bonuses.

25. Plaintiff and members of the Collective Class employed by Defendants have worked over 40 hours in a workweek but were not paid one and one-half of the regular rate of pay for hours worked over 40 hours in a workweek.

26. Plaintiff and members of the Collective Class employed by Defendants were entitled to and were paid a Performance Bonus (payout available every four months), an Upsell Bonus (accrued but paid at employee's discretion), and/or other non-discretionary bonuses.

27. On a Wednesday, in or around January 2023, Bingham was present in a work meeting with upper management at doTERRA concerning doTERRA's bonus structure and overtime ("Overtime Meeting"), which was attended by of Naomi Burrows (Member Services

Director), Mitch Oldham (Member Services Director), Jesse Ha'o (Member Services Senior Manager), Brody Brickerhoff (Corporate HR Director over HRIS), Russ Bulloch (Member Services HR Generalist), Richard Gunnerson (Corporate Counsel), Valerie Muniz (Payroll), Chris Farnsworth (Vice President of Human Resources) and Brady Morris (Corporate HR Director).

28. During the Overtime Meeting doTERRA admitted to attendees that it was excluding non-discretionary bonuses it's overtime calculations in violation of FLSA.

29. doTERRA's corporate counsel Richard Gunnerson stressed during the Overtime Meeting that based on his research doTERRA's liability under the FLSA exceeded two-million dollars, so it was imperative doTERRA's violation of the FLSA be concealed from employees.

30. Upper management determined during the Overtime Meeting that there was too much accrued Upsell bonus liability that employees had not been paid out to employees to immediately change doTERRA's overtime calculations.

31. Instead, doTERRA willfully continued to violate Sections 7 and 15(a)(2) of the FLSA by excluding non-discretionary bonuses in its overtime pay calculations until at least April 2023. 29 U.S.C. §§ 207 and 215(a)(2)

32. Because Defendants were aware that they were not paying Plaintiff and the members of the Collective Class overtime pay of one and one-half the regular rate of pay for hours worked over 40 hours in a workweek and continued to do so after its public admission in the Overtime Meeting, Defendants' violations of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) were willful.

33. Defendants are liable for overtime compensation owed to Plaintiffs and the Collective Class and an equal amount of liquidated damages under Section of the FLSA, 29 U.S.C. § 216(c).

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all other similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 28 U.S.C. § 216(b);

B. Prompt notice of this litigation, pursuant to 29 U.S.C. §216(b), to members of the Collective Class;

C. An order enjoining Defendants from communicating with current and potential plaintiffs about this action;

D. A finding that Defendants have violated the FLSA;

E. A finding that Defendants' FLSA violations are willful and not in good faith;

F. A judgment against Defendants and in favor of Bingham and all similarly situated employees for compensation for all unpaid and underpaid overtime wages;

G. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

H. Liquidated and statutory damages to the fullest extent permitted under the FLSA;

I. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA, and the Federal Rules of Civil Procedure; and.

B. Such other and further relief as this Court deems just and property in equity and under the law.

Dated this 5th day of October, 2023.

WEEKES LAW, PLLC

/s/Russell B. Weekes
Russell B. Weekes
Attorney for Plaintiffs

Plaintiffs' address: c/o Weekes Law, PLLC, 491 N. Bluff St., Ste. 201, St. George, UT 84770
Filed on behalf of:
Dustin Bingham
514 South 1080 West
American Fork, UT 84003