THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DUSTIN BINGHAM, on behalf of himself and others similarly situated in the proposed FLSA Collective Action,<br><br>Plaintiff,<br><br>v.<br><br>DOTERRA INTERNATIONAL, LLC, DOTERRA UNITED STATES, LLC, and DOTERRA, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [61] PLAINTIFF'S MOTION FOR PRELIMINARY CERTIFICATION IN FLSA COLLECTIVE ACTION**<br><br>Case No. 2:23-cv-00707-DBB-DBP<br><br>District Judge David Barlow |

On October 5, 2023, Plaintiff Dustin Bingham sued doTERRA International, LLC, doTERRA United States, LLC, and doTERRA, Inc. (collectively "doTERRA"), alleging violation of the Fair Labor Standards Act ("FLSA").[1] Now, Mr. Bingham moves for preliminary certification of a collective action under the FLSA.[2] For the following reasons, the court grants in part and denies in part Plaintiff's motion.

## BACKGROUND

Mr. Bingham alleges that he was employed by doTERRA from 2017 to 2023.[3] In addition to overtime pay, employees of doTERRA were entitled to a Performance bonus and an

---

[1] Compl., ECF No. 1.
[2] Mot. for Preliminary Certification in FLSA Collective Action, ECF No. 61. A number of Defendants' employees have already filed written consent to join this case. *See* ECF Nos. 13–53, 58, 62–64, 69.
[3] Compl. ¶ 9. Mr. Bingham has filed a declaration that supplements the allegations of the Complaint, *see* Decl. of Dustin Bingham, ECF No. 61-1, as has another individual who has consented to be a party to this case, *see* Decl. of Catherine Jessica Reichenbacher, ECF No. 61-2. Likewise, Defendants have filed a declaration from doTERRA's HR Director. *See* Decl. of Brody Brinkerhoff in Support of doTERRA, Inc.'s and doTERRA International LLC's Opp'n to Mot. for Preliminary Certification, ECF No. 65-2.

1

Upsell bonus.[4] The Upsell bonus was a 5% bonus certain employees could earn for each product sold in addition to the product about which the customer initially inquired.[5] The Performance bonus was triggered every four months for meeting basic performance requirements.[6]

In January 2023, Mr. Bingham attended a meeting in which upper management for doTERRA revealed that it was aware of FLSA violations related to its failure to include non-discretionary bonuses in its overtime pay calculations.[7] Specifically, upper management had discovered that its payroll system "had been undercalculating overtime pay because the Upsell bonus and other non-discretionary bonuses were not included on the one and one-half times of compensation to calculate overtime pay[.]"[8] Mr. Bingham alleges that management discussed the issue, decided not to correct the error, and decided to actively conceal any underpayments from employees.[9] Finally, Mr. Bingham alleges that he frequently worked more than 40 hours per week and was thus entitled to overtime pay, which was miscalculated due to the payroll error.[10]

## DISCUSSION

Mr. Bingham seeks an order: "conditionally certifying the collective action"; requiring specific discovery within ten days of conditional certification of a "list of the names, addresses, email address[es], social security numbers, and telephone numbers for all persons employed by [doTERRA] as hourly non-exempt employee[s]" during the relevant timeframe; "authorizing notice to be sent to all non-exempt employees who have worked for [doTERRA] in Pleasant

---

[4] Compl. ¶¶ 25–26.
[5] Decl. of Dustin Bingham ¶¶ 6–8, 10, ECF No. 61-1.
[6] *Id.* ¶ 11.
[7] *See* Compl. ¶¶ 27–31.
[8] Bingham Decl. ¶ 14.
[9] Compl. ¶¶ 30–32; Bingham Decl. ¶¶ 16–17.
[10] Bingham Decl. ¶¶ 21–24.

Grove, Utah" during the relevant timeframe; and equitably tolling "the statute of limitation from the date of filing the complaint until 30 days" after doTERRA provides the names and contact information of potential class members.

### I. Compliance with Local Rules

DoTERRA argues that Mr. Bingham's motion should be stricken because it does not comply with local rules on page length and word limits.[11] Under local rules, if a document exceeds the page limit, then a party must certify that the document complies with the word limit.[12] DoTERRA argues that Mr. Bingham's motion is non-compliant because it is more than ten pages and does not contain a certification.[13] Plaintiff suggests that his counsel believed that "the caption, table of contents, table of authorities, summary of relief sought, introduction, statement of facts, signature block, certificate of service, and exhibits" did not count toward the page limit.[14]

DUCivR 7-1(a) provides that motions filed under Rule 23(c)—class certification—may not exceed 25 pages or 7,750 words, while other motions may not exceed 10 pages or 3,100 words.[15] Likewise, it specifically sets forth which parts of a brief count toward the page and word limits.[16] Plaintiff's motion is around 12 pages, excluding the portions identified by the local rules. Even assuming that Mr. Bingham was required to file a motion of less than 10 pages, the court does not find that striking it is an appropriate remedy. The local rules provide that "the

---

[11] Defs.' Opp'n 7.
[12] DUCivR 7-1(a)(6).
[13] Defs.' Opp'n 7.
[14] Pl.'s Reply 2.
[15] DUCivR 7-1(a)(4)(A), (D).
[16] *Id.* 7-1(a)(6)(B) ("The caption, face sheet, table of contents, table of authorities, signature block, certificate of service, and exhibits do not count toward the page or word limit.").

court *may* impose sanctions against an attorney, a party, or both for violating these rules."[17] The court finds any violation here to be *de minimis* and unintentional. Striking the motion, as doTERRA urges, would only serve to create unnecessary delay in resolving a preliminary issue in this case.

## II. Conditional Certification

The FLSA provides for a cause of action against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[18] "Of course, this is not a true Rule 23 class action" in that the FLSA requires that written consent be filed in the court in order for an individual to become a plaintiff.[19] The Supreme Court has permitted "conditional certification" in FLSA cases.[20] Such certification "does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees[.]"[21]

In *Thiessen v. General Electric Capital Corp.*, the Tenth Circuit discussed three approaches for determining whether employees are similarly situated.[22] However, it ultimately observed that "there is little difference in the various approaches" and it approved of what it termed the "*ad hoc* approach."[23] Under the *ad hoc* approach, at the notice stage of a case, the court requires "nothing more than substantial allegations that the putative class members were

---

[17] DUCivR 1-2.
[18] 29 U.S.C. § 216(b).
[19] *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 n.3 (10th Cir. 2001) (quoting *Kelley v. Alamo*, 964 F.2d 747, 747 n.1 (8th Cir. 1992)); *see also* 29 U.S.C. § 216(b).
[20] *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013).
[21] *Id.* (citing *Hoffmann-La Roche Inc.*, 493 U.S. 165, 171–72 (1989)).
[22] *See Thiessen*, 267 F.3d at 1102–03.
[23] *Id.* at 1105.

together victims of a single decision, policy, or plan."[24] Then, at the conclusion of discovery, it "makes a second determination, utilizing a stricter standard of 'similarly situated.'"[25]

Mr. Bingham argues that he has satisfied his low burden at this stage.[26] Defendants argue that Mr. Bingham seeks overly-broad relief as he "has not demonstrated the proposed collective group is similarly situated to him."[27] Specifically, Defendants argue that Mr. Bingham "proffers no evidence that <u>all non-exempt employees</u> are eligible for non-discretionary bonuses and/or that <u>all non-exempt employees</u> worked overtime."[28]

The allegations of the Complaint are sufficiently substantial that, taken as true, they suggest multiple "victims of a single, decision, policy, or plan." However, they do not sufficiently support the "all non-exempt employees" class sought. The Complaint pertains to those doTERRA non-exempt employees who "worked over 40 hours in a workweek" and were paid a non-discretionary bonus.[29] Non-exempt employees who did not work overtime or who were not paid a non-discretionary bonus would not have had their overtime pay affected, and therefore could not be members of the conditional class.[30]

### III. Equitable Tolling

Mr. Bingham argues that the court should toll the statute of limitations from October 6, 2023—the day after the Complaint was filed—until 30 days after notice is sent to potential opt-in

---

[24] *Id.* at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).
[25] *Id.* (quoting *Vaszlavik*, 175 F.R.D. at 678).
[26] *See* Pl.'s Mot. 8–9.
[27] Defs.' Opp'n 8.
[28] *Id.*
[29] *See* Compl. ¶¶ 9–32.
[30] DoTERRA also argues that the court should deny Plaintiff's motion for failure to comply with Federal Rule of Civil Procedure 26. *See* Defs.' Opp'n 9–10. It has not cited any caselaw to suggest that compliance with Rule 26 is a prerequisite for granting conditional certification and the court need not reach this issue.

plaintiffs.[31] The statute of limitations on an FLSA claim is two years, unless the violation was willful, in which case it is three years.[32] The statute of limitations runs until an opt-in plaintiff files written consent with the court.[33] A plaintiff seeking to equitably toll a statute of limitations generally must establish "two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."[34] Though the Tenth Circuit has not addressed whether equitable tolling is available for FLSA claims,[35] district courts in this circuit have held extraordinary circumstances may exist when "there was some conduct by defendant that rises to the level of actual deception" or when "the opt-in plaintiffs have been lulled into inaction by the defendant, a state or federal agency, or by the court."[36] "Equitable tolling is granted sparingly."[37] Notably, "[g]enerally, the delay between the filing of a complaint and a notice to potential opt-in plaintiffs," is not a proper basis for equitable tolling where it is the result of litigation running its normal course.[38]

Mr. Bingham argues that equitable tolling is proper because doTERRA took steps to actively conceal the FLSA violation from its employees.[39] Defendants suggest that the court cannot conduct an equitable tolling inquiry at this stage, in part because the issue is fact

---

[31] Pl.'s Mot. 12.
[32] 29 U.S.C. § 255(a).
[33] *Id.* § 256.
[34] *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015) (quoting *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012)).
[35] *Cf. Thiessen*, 267 F.3d at 1111 (avoiding the issue).
[36] *Madsen v. Sidwell Air Freight, DHL Express (USA) Inc.*, No. 1:23-cv-0008-NJP, 2024 WL 1157394, at *2 (D. Utah Mar. 18, 2024) (citing *Felps v. Mewbourne Oil Co.*, 460 F.Supp.3d 1232, 1238–39 (D.N.M. 2020)); *accord Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012) (applying substantially the same standard to a non-FLSA claim).
[37] *Impact Energy Resources*, 693 F.3d at 1246.
[38] *Madsen*, 2024 WL 1157394, at *2 (quoting *Collins v. DKL Ventures, LLC*, No. 16-cv-70, 2016 WL 852880, at *3 (D. Colo. Mar. 4, 2016)).
[39] Pl.'s Mot. 12–13.

6

specific.[40] Because the statute of limitations is plaintiff-specific, the court finds that resolution of this issue is improper at this time. While some employees may have been deceived by the steps taken to conceal or obfuscate the FLSA violations alleged by Mr. Bingham, others may not have been.

## ORDER

The court GRANTS IN PART and DENIES IN PART Plaintiff's motion.[41] The court GRANTS conditional certification of the following class for notice purposes:

> Current and former hourly, non-exempt, employees of doTERRA International, LLC; doTERRA United States, LLC; or doTERRA, Inc. at any facility owned or operated by these companies in Utah at any time from October 6, 2020 to the present who: (1) worked more than forty (40) hours in any workweek; and (2) received a non-discretionary bonus.

Further proceedings to determine the form, content, timing, and procedures of the notice to be sent to potential opt-in plaintiffs shall be before the Magistrate Judge. The court DENIES without prejudice Plaintiff's request for discovery and equitable tolling as premature.

Signed May 3, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[40] Defs.' Opp'n 11–12.
[41] ECF No. 61.