Steven C. Smith (SBN 4508)
Kipp Muir (SBN 15400)
**SMITH LC**
2912 West Executive Parkway, Suite 240
Lehi, Utah 84043
Telephone: (385) 309-0000
Fax: (385) 309-0909
smith@smith-lc.com
kmuir@smith-lc.com
*Attorneys for Defendants dōTERRA, Inc. and dōTERRA International LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF UTAH**

| | |
|---|---|
| DUSTIN BINGHAM, on behalf of himself and others similarly situated in the proposed FLSA Collective Action,<br><br>Plaintiff,<br>v.<br><br>DŌTERRA INTERNATIONAL, LLC, DŌTERRA UNITED STATES, LLC, and DŌTERRA, INC.<br><br>Defendants. | **STIPULATED MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE**<br><br>Case No. 2:23-cv-00707-DBB-DBP<br><br>Judge David Barlow<br><br>Magistrate Dustin B. Pead |

Defendants dōTERRA International, LLC and dōTERRA Inc. (collectively "dōTERRA"), and Plaintiff Dustin Bingham, on behalf of himself and others similarly situated in the present FLSA Collective Action, and pursuant to F. R. Civ. P. 7, and DUCivR 7-1 bring this Stipulated Motion for Approval of the Settlement Agreement and for Dismissal with Prejudice. In support hereof, the parties assert as follows:

**RELIEF REQUESTED**

The parties request the Court issue an order approving their Settlement Agreement and Release ("Settlement Agreement"), which is conditioned on Court approval, and dismiss this

action with prejudice. The Settlement Agreement represents a good-faith settlement of a bona fide dispute, is fair and reasonable, and provides for reasonable attorney fees and costs.

## STATEMENT OF FACTS

1. On October 5, 2023, Plaintiff filed his collective action complaint against dōTERRA for a collective action under the Fair Labor Standards Act ("FLSA"), in the United States District Court for the District of Utah, Case No. 2:23-cv-00707-DBB-DBP (the "Collective Action"). (ECF No. 1.)

2. The Collective Action alleges that dōTERRA violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay proper overtime. The Collective action sought damage, liquidated damages, attorney fees, and costs.

3. dōTERRA International, LLC and dōTERRA Inc. filed their respective answer on November 8, 2023. (ECF Nos. 59–60.) dōTERRA denied the claims asserted in the Collective Action.

4. After the Court granted conditional certification and authorized notice to go out to the collective class. The individuals who currently seek recovery as part of the Collective Action (the "Collective Class") are:[1]

1. Dustin Bingham (ECF No. 13)
2. Amanda Christine Rankin (ECF No. 14)
3. Analia Maciel (ECF No. 15)
4. Carolyn F. Johnson (ECF No. 16)
5. Catherine Jessica Reichenbacher (ECF No. 17)
6. Christy Lynn Hansen (ECF No. 18)
7. Colleen Hatch (ECF No. 19)
8. Dallin Michael Quinton (ECF No. 20)
9. Denisse Chavez (ECF No. 21)
10. Dennis Emmanuel Perez (ECF No. 22)
11. Diego Heladio Flores (ECF No. 23)
12. Eduardo Castro (ECF No. 24)
13. Evan Joseph Breeden (ECF No. 25)
14. Heather Lynn Duncan (ECF No. 26)
15. Heather Knight Parra (ECF No. 27)
16. Iain Brickey (ECF No. 28)

---

[1] Max Bailey also opted in, but subsequently withdrew as a plaintiff in the Collective Action. (ECF No. 90.)

17. Jessica Miller (ECF No. 29)
18. Jessika Florence Lloyd (ECF No. 30)
19. Joelma Cardoso Martins Vieira (ECF No. 31)
20. Joshua Brandon Zavala (ECF No. 32)
21. Julio Cesar Vieira Da Silva Filho (ECF No. 33)
22. Kady Chavez (ECF No. 34)
23. Karin Sauan de Sampaio Mattos (ECF No. 35)
24. Karli Christine Dearing (ECF No. 36)
25. Kathy Jean Mead (ECF No. 37)
26. Kaytlin Nimer (ECF No. 38)
27. Kiley Williams (ECF No. 39)
28. Kimberly R. Ciriako (ECF No. 40)
29. Laura Michele Jaynes (ECF No. 41)
30. Michelle Park (ECF No. 43)
31. Mollee Janae Suafoa (ECF No. 44)
32. Nikki Christensen (ECF No. 45)
33. Ryan Elizabeth Healey (ECF No. 46)
34. Sara Clinker (ECF No. 47)
35. Talia Marie Christiansen (ECF No. 48)
36. Taylor Jaymes Schramm (ECF No. 49)
37. Tiffany K. Anderson Mendoza (ECF No. 50)
38. Troy Larson (ECF No. 51)
39. W.M. Chandler Yeates (ECF No. 52)
40. Yunue Zavala (ECF No. 53)
41. Estrella Chinchay (ECF No. 58)
42. Stephanie Libertad Pina (ECF No. 62)
43. Denise Heil (ECF No. 63)
44. Hunter William Thomas (ECF No. 69)
45. Marcos G Reyes (ECF No. 80)
46. Kelly Rae Evans (ECF No. 81)
47. Gary Le Roy Dillard (ECF No. 82)
48. Silvia Harwood (ECF No. 83)
49. Danitza Fox (ECF No. 84)
50. Kyle Hanks (ECF No. 89)

     5.     dōTERRA is a company that manufactures and provides the highest quality essential oils to people across the globe through a network of independent distributors.

     6.     The Collective Class worked for dōTERRA as non-exempt employees, some of whom worked overtime in a pay period during which they also received a non-discretionary bonus. Generally, these employees some worked in dōTERRA's call center, warehouse, or product center. They claim dōTERRA did not pay the proper overtime premium after accounting for the non-discretionary bonuses they earned.

     7.     The parties provided certain information during discovery. The parties continue to dispute, among other things (a) whether any members of the Collective Class are entitled to any relief, (b) whether dōTERRA's alleged wrongful conduct was willful, which would trigger a three-year statute of limitations and the recovery of liquidated damages (*see* 29 U.S.C. §§ 255(a), 260); (c) whether any of the members of the Collective Class would be entitled to toll the statute

of limitations; (d) the proper methodology for calculating any damages the Collective Class could possibly claim; and (d) the reasonable amount of attorney fees and costs that could be recovered.

8. For example, Plaintiffs' Supplemental Disclosures claimed damages and liquidated damages for the Collective Class of $11,689.58. dōTERRA disputes these calculations because they (a) seek an impermissible double recovery for money dōTERRA already paid or tendered to members of the Collective Class before the Plaintiff filed the Collective Action, (b) erroneously include bonuses that were discretionary (and therefore are not properly part of the adjusted overtime calculation), and (c) do not calculate the damages based on the appropriate methodology under 5 C.F.R. 551.512. Even after accounting for dōTERRA's disputes, Plaintiffs still contend dōTERRA owes additional damages.

9. Some of the Collective Class members dōTERRA sent checks to, however, did not cash the checks dōTERRA sent.

10. The parties, through their counsel, sent several settlement offers and counteroffers in an effort to try and reach a settlement. Ultimately, the parties signed a Settlement Agreement, which is attached as Exhibit 1 and represents the final agreement of the parties. The amount to be paid under the Settlement Agreement to the Collective Class represents a good-faith compromise to pay those members who did not cash the check dōTERRA already tendered or who claim unpaid overtime premiums that exceeds what dōTERRA already calculated and paid without having to spend significant time, funds, and judicial resources to litigate the numerous factual disputes between the parties.

11. Plaintiffs' attorneys represent that they spent more than 100 hours on this case. dōTERRA disputes this number of hours was reasonable to expend on this case.

## ARGUMENT

### I. Court Approval of the Parties Collective Action Settlement is Appropriate.

Federal court approval is typically necessary to settle FLSA claims. *Keel v. O'Reilly Auto Enters., LLC*, No. 2:17-CV-667, 2018 WL 10509413, at *2 (D. Utah May 31, 2018). Before approving a FLSA settlement, the Court determines two factors: (1) whether the settlement involves a bona fide dispute, and (2) whether the settlement is fair and reasonable. *Id.* If the Court determines these factors are satisfied, it will then also determine an amount for reasonable attorney fees. As discussed below, the Settlement Agreement resolves a bona fide dispute, is fair and reasonable, and provides for a reasonable attorney fee.

In order to satisfy the bona fide dispute element, the parties have to present information to the court regarding the nature of the dispute to show there is more than the existence of an adversarial lawsuit. *Morton v. Transcend Servs., Inc.*, No. 15-CV-01393-PAB-NYW, 2017 WL 977812, at *1 (D. Colo. Mar. 13, 2017). This element is satisfied when there are disputes regarding whether an employee is entitled to overtime and the amount of overtime owed. *Keel*, 2018 WL 10509413, at *2.

Here, there are bona fide disputes about what the Collective Class is entitled to recover, if anything. The Collective Class, as disclosed in their supplemental Rule 26 disclosures, contends that dōTERRA owes $11,689.58 in damages and liquidated damages for dōTERRA's willful misconduct. dōTERRA denies that any of its conduct was willful and disagrees that the Collective Class is entitled to liquidated damages. (*See* ECF No. 65-2 (setting forth facts

disputing any claim of willfulness).) Additionally, the parties dispute how to interpret and apply 5 C.F.R. 551.512 for calculating any amounts owed. These disputes are more than sufficient for the Court to conclude there is a bona fide factual dispute to support the Settlement Agreement.

On the second question of whether the settlement is fair and reasonable, the settlement "must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales." *McMillian v. BP Service, LLC*, No. 19-2665-DDC-TJJ, 2020 WL 969870, at *2 (D. Kan. Feb. 28, 2020) (citation omitted). Moreover, in assessing whether the proposed settlement is fair and reasonable, the Court could consider factors relied on to evaluate fairness of a class action settlement. *See Keel*, 2018 WL 10509413, at *3. The Tenth Circuit factors to evaluate the fairness of a class action settlement pursuant to Rule 23(e) are:

> (1) whether the proposed settlement was fairly and honestly negotiated;
>
> (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
>
> (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
>
> (4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

Here, in light of the several issues in dispute between the parties, the parties sought to settle their disputes without the need for significant, protracted, and expensive litigation, especially where the amount in controversy is relatively small. As outlined above, there are factual disputes that place in question whether or not the Collective Class can show they are owed any additional money that dōTERRA has not already paid. The parties, after exchanging

6

multiple offers and counter offers on the amount to be paid to the Collective Class and what could reasonably be recovered as attorney fees and costs, and with the help of their respective counsel, determined it was fair and reasonable to enter the Settlement Agreement. The Court should also agree with the parties' arms-length determination that the Agreement is fair and reasonable.

Finally, the Settlement Agreement provides for a reasonable amount of attorney fees. Judicial review of attorney fees in FLSA settlements requires a determination that the fees are fair and reasonable. *Keel*, 2018 WL 10509413, at *3. "To determine the reasonableness of a fee request, a court must begin by calculating the 'lodestar amount,' which represents the number of hours reasonably expended multiplied by a reasonable hourly rate." *Morton v. Transcend Services, Inc.*, No. 15-CV-01393 (PAB-NYW), 2017 WL 977812, at *1 (D. Colo. 2017); *see Keel*, 2018 WL 10509413, at *3.[2]

Here, Plaintiffs' counsel will receive $37,148.04 in attorney fees as part of the settlement. Plaintiffs' counsel represents that they have devoted over 100 hours of work to this matter, including: (1) pre-suit investigation and analysis of dōTERRA's pay practices and potential FLSA violations; (2) preparation and filing of the complaint and motion for conditional certification; (3) review and analysis of time and pay records and applicable statutory authority; (3) drafting and service of supplemental Rule 26 disclosures with damage calculations; (4) exchanges of settlement offers and counteroffers; (5) negotiating and finalizing the Settlement

---

[2] In *Keel*, the court considered that the plaintiff's attorney fees were reasonable even though the parties did not file an invoice with the court because the attorney fees provided were "consistent with the prevailing market rate in [the] community for an attorney of [counsel's] experience." *Keel*, 2018 WL 10509413, at *3.

7

Agreement; and (6) preparing the instant motion for court approval. These activities were done to advance the interests of the Collective Class and to secure monetary recovery without the need for additional, protracted litigation. The $37,148.04 fee equates to an hourly rate of approximately $370/hour. This rate is within the range approved by courts in the 10th Circuit for attorneys with experience in FLSA and employment law, represents a fair and reasonable settlement of the disputed amount of fees, and it is in everyone's best interest to resolve this dispute through settlement.

Although the fee may represent a substantial portion of the total recovery, it was negotiated separately from the class members' compensation and does not diminish their recovery. Courts routinely approve such awards in FLSA collective actions involving modest individual recoveries where counsel assumed the risk of nonpayment and achieved a favorable result. *James v. Boyd Gaming Corp.*, No. 19-2260-DDC-ADM, 2022 WL 4482477, at *13 (D. Kan. Sept. 27, 2022). The requested award is the product of arm's-length negotiation and reflects the time, effort, and risk undertaken by Plaintiffs' counsel.

The parties further agree that the costs under the Settlement Agreement are fair and reasonable.

As a result, the Court should approve the Settlement Agreement.

## II. Dismissal of the Collective Action with Prejudice is Appropriate.

Once the Court approves the Settlement Agreement, there will no longer be any disputes between the parties regarding the Collective Class's FLSA claims. Therefore, the Court should dismiss the action with prejudice. *See Keel*, 2018 WL 10509413, at *4 (approving parties' settlement agreement and dismissing action with prejudice).

## CONCLUSION

Based on the foregoing, the parties have established that the Settlement Agreement satisfies all elements for the Court to approve it. The Settlement Agreement resolves bona fide disputes between the parties, is fair and reasonable, and provides for a reasonable amount of attorney fees and costs.


Dated: April 14, 2025              SMITH LC

                                   /s/ Kipp S. Muir
                                   Steven C. Smith (SBN 4508)
                                   Kipp S. Muir (SBN 15400)
                                   *Attorneys for Defendant dōTERRA, Inc. and
                                   dōTERRA International LLC*


Dated: April 14, 2025              WEEKES LAW, LLC

                                   /s/ Russell B. Weekes*
                                   Russell B. Weekes
                                   *Attorney for Plaintiffs*
                                   *Used with Permission

# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

**THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is executed as of April ___, 2025, and is made by and between dōTERRA International, LLC, dōTERRA United States, LLC, and dōTERRA, Inc. (collectively, "dōTERRA") on the one hand and Dustin Bingham, individually and on behalf of the Claimants (defined below) who opted in to the case of 2:23-cv-00707-DBB-DBP, in the United States District Court for the District of Utah (collectively "Plaintiffs").

## RECITALS

A. On or about October 5, 2023, David Bingham filed a Complaint individually and on behalf of other similarly situated employees styled *Bingham v. dōTERRA International, LLC, et al.*, Case Number: 2:23-cv-00707-DBB-DBP, in the United States District Court for the District of Utah (the "Civil Action"), claiming dōTERRA violated the Fair Labor Standards Act ("FLSA");

B. The following individuals opted in as plaintiffs in the Civil Action (collectively, the "Claimants"):

1. Dustin Bingham (ECF No. 13)
2. Amanda Christine Rankin (ECF No. 14)
3. Analia Maciel (ECF No. 15)
4. Carolyn F. Johnson (ECF No. 16)
5. Catherine Jessica Reichenbacher (ECF No. 17)
6. Christy Lynn Hansen (ECF No. 18)
7. Colleen Hatch (ECF No. 19)
8. Dallin Michael Quinton (ECF No. 20)
9. Denisse Chavez (ECF No. 21)
10. Dennis Emmanuel Perez (ECF No. 22)
11. Diego Heladio Flores (ECF No. 23)
12. Eduardo Castro (ECF No. 24)
13. Evan Joseph Breeden (ECF No. 25)
14. Heather Lynn Duncan (ECF No. 26)
15. Heather Knight Parra (ECF No. 27)
16. Iain Brickey (ECF No. 28)
17. Jessica Miller (ECF No. 29)
18. Jessika Florence Lloyd (ECF No. 30)
19. Joelma Cardoso Martins Vieiera (ECF No. 31)
20. Joshua Brandon Zavala (ECF No. 32)
21. Julio Cesar Vieiera Da Silva Filho (ECF No. 33)
22. Kady Chavez (ECF No. 34)
23. Karin Sauan de Sampaio Mattos (ECF No. 35)
24. Karli Christine Dearing (ECF No. 36)
25. Kathy Jean Mead (ECF No. 37)
26. Kaytlin Nimer (ECF No. 38)

1

27. Kiley Williams (ECF No. 39)
28. Kimberly R. Ciriako (ECF No. 40)
29. Laura Michele Jaynes (ECF No. 41)
30. Max Bailey (ECF No. 42)[1]
31. Michelle Park (ECF No. 43)
32. Mollee Janae Suafoa (ECF No. 44)
33. Nikki Christensen (ECF No. 45)
34. Ryan Elizabeth Healey (ECF No. 46)
35. Sara Clinker (ECF No. 47)
36. Talia Marie Christiansen (ECF No. 48)
37. Taylor Jaymes Schramm (ECF No. 49)
38. Tiffany K. Anderson Mendoza (ECF No. 50)
39. Troy Larson (ECF No. 51)
40. W.M. Chandler Yeates (ECF No. 52)
41. Yunue Zavala (ECF No. 53)
42. Estrella Chinchay (ECF No. 58)
43. Stephanie Libertad Pina (ECF No. 62)
44. Denise Heil (ECF No. 63)
45. Hunter William Thomas (ECF No. 69)
46. Marcos G Reyes (ECF No. 80)
47. Kelly Rae Evans (ECF No. 81)
48. Gary Le Roy Dillard (ECF No. 82)
49. Silvia Harwood (ECF No. 83)
50. Danitza Fox (ECF No. 84)
51. Kyle Hanks (ECF No. 89)

C. The Claimants contend that dōTERRA failed to pay them the appropriate overtime premium in connection with pay periods in which they worked overtime and also earned a non-discretionary bonus. The Claimants also contend that dōTERRA's conduct was willful, allowing them to recover liquidated damages and imposing a three-year statute of limitation.

D. dōTERRA denies the Claimants' allegations. dōTERRA contends that many of the Claimants never worked overtime in a period when they also received a non-discretionary bonus and therefore were not entitled to an adjusted overtime premium. dōTERRA also contends that it already paid or offered to pay before the filing of the Civil Action any adjusted overtime premium the Claimants could claim. dōTERRA also denies that any of its conduct was willful and could give rise to a claim for liquidated damages and a three-year statute of limitation.

E. There are disputes between the parties regarding who, if anyone, may have a FLSA claim against dōTERRA, the method for calculating any damages, and whether dōTERRA's conduct was willful. The parties also dispute whether the Claimants could obtain a

---

[1] Mr. Bailey subsequently filed a withdrawal of his FLSA claim. (ECF No. 90.)

      judgment and be entitled to recover attorney fees and costs under 29 U.S.C. § 216(b), and what the reasonable attorneys would be, if any.

F. Nevertheless, in the interest of judicial economy, the parties have negotiated a settlement in good faith, and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims the Claimants may have against dōTERRA related to the Civil Action.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt of sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows, subject to court approval in the Civil Action:

1. <u>Judicial Approval of Settlement and Dismissal of Civil Action</u>. Upon receipt of the fully executed Agreement, the Parties shall in good faith seek court approval and shall file in the Civil Action a Stipulated Motion for Approval of the Settlement Agreement and for Dismissal with Prejudice. The parties agree that, in the event the Court does not approve this Agreement or the settlement does not become final for any other reason, this Agreement will be null and void in its entirety at the option of either party.

2. <u>Uncashed Checks</u>. The Claimants represent that they have not cashed and agree they will not cash the checks totaling $518.03 and sent to the Claimants' attorney on or about January 8, 2025.

3. <u>Settlement Funds</u>. Within 14 days of the court in the Civil Action approving the Stipulated Motion for Approval of the Settlement Agreement and for Dismissal with Prejudice, dōTERRA will pay $40,018.07 via check to Russell Weekes, counsel for the Claimants. This payment is based on the following breakdown:

   a. $518.03 for the Claimants' FLSA claims for damages and liquidated damages; and
   b. $2,352.00 for costs; and
   c. $37,148.04 for the Claimants' claim for attorney's fees and costs under 29 U.S.C. 216(b).

4. <u>The Claimants' Release of dōTERRA</u>. In consideration of the benefits described in this Agreement, the Claimants hereby forever discharge and release dōTERRA, and its parent, subsidiary and affiliated companies, and their agents, officers, shareholders, directors, employees, successors, and assigns, related or affiliated companies' predecessors and successors; and, with respect to each such entity, all of its past and present employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries and insurers of such programs) and any other persons acting by, through, under, or in concert with any of the persons or entities

listed in this Paragraph, and each and all of the foregoing (collectively "Releasees"), individually and collectively, from all claims that have been or could have been under the FLSA, 29 U.S.C. §§ 201, *et seq.*, for unpaid compensation, overtime, or wages.

5. Indemnification. The Claimants agree to indemnify and hold harmless dōTERRA from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of any monies received by Claimants that could relate to the allegations raised by the Claimants in the Civil Action. Claimants understand and agree that they are solely responsible for the payment of any taxes and penalties assessed on the payments to them described herein. The Claimants further agree to indemnify and hold harmless doTERRA from any claims of any attorney or law firm purporting to represent or to have represented them in any dispute with doTERRA. This indemnification includes any attorneys' fees and costs incurred by doTERRA.

6. No Admission of Liability. The Claimants understand and agree that the Releasees admit no liability with respect to the Civil Action or any other claim related to or arising out of their employment by dōTERRA or any other matters. dōTERRA and the other Releasees expressly deny liability for any and all claims asserted by the Claimants, and the parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

7. Enforcement. Any party shall have the right specifically to enforce this Agreement, except for provisions which subsequently may be held invalid or unenforceable. In the event there is litigation regarding the interpretation or enforcement of this Agreement, the prevailing party shall be entitled to recover their attorneys' fees and costs.

8. Severability and Survival. If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

9. Applicable Law. This Agreement shall be governed by and construed in accordance with the laws of Utah, as they are applied to contracts made and to be wholly performed in Utah, regardless of choice of law principles to the contrary.

10. Venue. The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the state or federal courts with jurisdiction over Utah County, Utah, over any claims arising under or relating to this Agreement. In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum *non conveniens*, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.

11. <u>Non-assignment of Claims or Causes of Action</u>. Claimants warrant and represent that they have made no assignment and each of them covenants that she will make no assignment of the claims, demands or causes of action released herein.

12. <u>Interpretation</u>. This Agreement will be construed as a whole according to its fair meaning, and not strictly for or against any of the parties. Specifically, all parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship. Unless the context indicates otherwise, the term "or" will be deemed to include the term "and" and the singular or plural number will be deemed to include the other. Paragraph headings used in this Agreement are intended solely for convenience of reference and will not be used in the interpretation of this Agreement.

13. <u>Execution in Counterparts</u>. The parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

14. <u>Entire Agreement</u>. This Agreement comprises the entire agreement between the parties regarding the matters contained herein. This Agreement has been entered into be Claimants with a full understanding of its terms, with an opportunity to consult with counsel, and without inducement or duress. The Claimants acknowledge that no promise or agreement not expressed in this Agreement has been made to the Claimants. This Agreement may not be changed orally. This Agreement supersedes any prior or contemporaneous agreement, arrangement or understanding of its subject matters.

**NOW, THEREFORE,** the parties have executed this Agreement freely and voluntarily, as of the date first above written.

04/10/2025
Dated this __10__ day of March, 2025

Dustin Bingham

_____
Plaintiff, individually and on behalf of all Claimants

Dated this __11__ day of ~~March,~~ APRIL 2025

dōTERRA INTERNATIONAL, LLC

By: _____
Name: DAVID DOXEY
Title: GENERAL COUNSEL

5

Dated this __11__ day of ~~March~~ APRIL, 2025        dōTERRA United States, LLC

By: _____
Name: DAVID DOXEY
Title: GENERAL COUNSEL

Dated this __11__ day of ~~March~~ APRIL, 2025        dōTERRA, INC.

By: _____
Name: DAVID DOXEY
Title: GENERAL COUNSEL

*Approved as to form:*

Dated this __14__ day of March, 2025        WEEKES LAW, LLC
                                             KELLY & BRAMWELL, P.C.

_____
Russell B. Weekes
Jared Bramwell
*Counsel for Claimants*

Dated this __14th__ day of ~~March~~ April, 2025        SMITH LC

_____
Steven C. Smith
Kipp S. Muir
*Attorneys for dōTERRA*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2025 I caused a true and correct copy of the foregoing document to be delivered to counsel for Plaintiffs via the court's electronic filing system.

*/s/ Kaylene Garrett, paralegal*

Russell B. Weekes(# 10214)
WEEKES LAW, LLC
491 N. Bluff St., Ste. 201
St. George, Utah 84 770
P. (801) 228-0251
E: rbw@weekes-law.com

Jared Bramwell (#9582)
Kelly & Bramwell, P.C.
11576 South State St. Bldg. 1002
Draper, Utah 84020
Telephone: (801) 495-2559
Facsimile: (801) 495-0621
Email: jared@kellybramwell.com

*Attorneys for Plaintiffs*