THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DUSTIN BINGHAM, on behalf of himself and others similarly situated in the proposed FLSA Collective Action,<br><br>Plaintiff,<br><br>v.<br><br>DOTERRA INTERNATIONAL, LLC, DOTERRA UNITED STATES, LLC, and DOTERRA, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [98] STIPULATED MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT AND FOR DISMISSAL WITH PREJUDICE**<br><br>Case No. 2:23-cv-00707-DBB-DBP<br><br>District Judge David Barlow |

Before the court is the parties' Stipulated Motion for Approval of the Settlement Agreement and for Dismissal with Prejudice ("Motion").[1] For the reasons below, the court grants the Motion.

### BACKGROUND

Mr. Bingham brings a collective action on behalf of himself and others similarly situated against dōTERRA for alleged violations of the Fair Labor Standards Act ("FLSA").[2] The collective class[3] consists of fifty individuals who allege that dōTERRA failed to pay the proper overtime premium after accounting for non-discretionary bonuses.[4]

---

[1] Stipulated Mot. for Approval of the Settlement Agreement and for Dismissal with Prejudice ("Mot."), ECF No. 98, filed Apr. 14, 2025.
[2] *See* Compl., ECF No. 4, filed Oct. 10, 2023.
[3] The court granted conditional certification of the class for notice purposes. Mem. Decision and Order Granting in Part and Denying in part [61] Plaintiff's Mot. for Prelim. Certification in FLSA Collective Action, ECF No. 76, filed May 3, 2024.
[4] Mot. 3.

Among other things, the parties dispute (a) whether any class members are entitled to any relief, (b) whether dōTERRA's alleged wrongful conduct was willful, (c) whether any class members would be permitted to toll the statute of limitations, and (d) the proper methodology for calculating damages.[5] For example, the collective class claimed $11,689.58 for damages and liquidated damages in a supplemental disclosure.[6] DōTERRA disputes this calculation, claiming that it seeks a double recovery for money dōTERRA already paid to members of the class before Plaintiff filed this action[7] and miscalculates the damages.[8]

Despite these disputes, the parties reached a settlement agreement. The parties state that the settlement agreement "represents a good-faith compromise to pay those members who did not cash the check dōTERRA already tendered or who claim unpaid overtime premiums that exceeds what dōTERRA already calculated and paid without having to spend significant time, funds, and judicial resources to litigate the numerous factual disputes between the parties."[9]

The parties' proposed settlement requires dōTERRA to pay the following amounts: (1) "$518.03 for the Claimants' FLSA claims for damages and liquidated damages"; (2) "$2,352.00 for costs"; and (3) "$37,148.04 for the Claimants' claim for attorney's fees and costs."[10]

---

[5] *Id.* at 3–4.
[6] *Id.* at 4.
[7] The Motion states that dōTERRA sent checks to certain members of the collective class before the Plaintiff filed this action. However, the Motion notes that "[s]ome of the Collective Class members . . . did not cash the checks dōTERRA sent." *Id.*
[8] *Id.*
[9] *Id.*
[10] Ex. 1 ("Settlement Agreement"), ECF No. 98, filed Apr. 14, 2025.

# DISCUSSION

Courts follow a three-step inquiry in determining whether to approve an FLSA settlement.[11] First, the court determines "whether the settlement resolves a bona fide dispute."[12] Second, if the dispute is bona fide, the court assesses whether the settlement is fair and reasonable to the parties involved.[13] And third, the court determines whether the proposed settlement contains a reasonable award of attorneys' fees.[14]

## I. Bona Fide Dispute

For the court to approve an FLSA settlement, there must be a bona fide dispute. The bona fide dispute requirement seeks to "prevent parties from 'negotiating around the clear FLSA requirements of compensation.'"[15] "[I]f no question exists that the plaintiffs are entitled under the statute to the compensation they seek (and therefore to liquidated damages, as well), then any settlement of such claims would allow the employer to negotiate around the statute's mandatory requirements."[16] Accordingly, for a bona fide dispute to exist, there must be some doubt whether Plaintiffs may succeed on their FLSA claims.[17]

"The parties bear the burden of demonstrating that a bona fide dispute exists, and they can satisfy that burden by providing the court with sufficient information of the bona fide dispute's existence."[18] Examples of such information include:

---

[11] District courts in this circuit are split on whether parties must receive judicial approval for an FLSA settlement. *See, e.g., Slaughter v. Sykes Enters., Inc.*, No. 17-cv-02038-KLM, 2019 WL 529512, at *1–6 (D. Colo. Feb. 11, 2019); *Pichler v. Cotiviti, Inc.*, No. 2:23-cv-00884-AMA-DAO, 2024 WL 4647871 (D. Utah Oct. 31, 2024). However, because the parties have moved for the court's approval, the court will consider the settlement without deciding whether such approval is necessary.
[12] *Keel v. O'Reilly Auto Enters., LLC*, No. 2:17-CV-667, 2018 WL 10509413, at *2 (D. Utah May 31, 2018) (italics omitted).
[13] *Id.*
[14] *Id.*
[15] *Cazeau v. TPUSA, Inc.*, No. 2:18-cv-00321-RJS-CMR, 2020 WL 3605652 (D. Utah July 2, 2020) ("*Cazeau I*") (quoting *Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714, 719 (E.D. La. 2008)).
[16] *Id.* (quoting *Collins*, 568 F.Supp.2d at 719).
[17] *Id.*
[18] *Id.*

(1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to a minimum wage or overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage.[19]

Here, the parties have provided sufficient information for the court to conclude that a bona fide dispute exists. The class members allege that dōTERRA miscalculated their overtime rate because it failed to account for their non-discretionary bonuses. The class members contend that they are owed $11,689.58 in damages and liquidated damages. DōTERRA disputes that the class members are entitled to any relief. Additionally, the parties disagree on (1) whether dōTERRA's alleged conduct was willful, (2) whether any of the class members could toll the statute of limitations, (3) the proper methodology for calculating the damages owed to the class, and (4) what amount of attorneys' fees can be recovered. These disputes demonstrate that the class's potential recovery is in question and, as a result, there is a bona fide dispute.

## II.   Fairness and Reasonableness

Next, the parties must demonstrate that the settlement agreement is fair and reasonable. For an FLSA settlement to be fair and reasonable, the settlement "must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales."[20] "Where . . . the settlement resulted from arm's length negotiations between experienced counsel after significant discovery had occurred, the [c]ourt may presume the settlement to be fair, adequate[,]

---

[19] *Felix v. Thai Basil at Thornton, Inc.*, No. 14-cv-02567-MSK-CBS, 2015 WL 2265177, at *2 (D. Colo. May 6, 2015) (citing *Baker v. Vail Resorts Mgmt. Co.*, No. 13-CV-01649-PAB-CBS, 2014 WL 700096, at *1 (D. Colo. Feb. 24, 2014)).
[20] *Keel*, 2018 WL 10509413, at *3 (quoting *Morton v. Transcend Servs., Inc.*, No. 15-cv-01393-PAB-NYW, 2017 WL 977812, at *2 (D. Colo. Mar. 13, 2017)).

and reasonable."[21] Courts look to the "factors that apply to proposed class action settlements under Rule 23(e)" to determine if an FLSA class settlement is fair and reasonable.[22]

The Tenth Circuit looks at four factors when considering the fairness of a proposed settlement under Rule 23(e): (1) "whether the proposed settlement was fairly and honestly negotiated"; (2) "whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt"; (3) "whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation"; and (4) "the judgment of the parties that the settlement is fair and reasonable."[23] These factors "are instructive, but not determinative."[24]

Here, those factors are met. First, the parties represent that they participated in arms-length negotiations and exchanged multiple offers and counteroffers. Second, the parties have identified multiple legal and factual disputes that place the litigation outcome in doubt. For

---

[21] *Acevedo v. Southwest Airlines Co.*, No. 1:16-cv-00024-MV-LF, 2019 WL 6712298, at *2 (D.N.M. Dec. 10, 2019) (internal quotations omitted).
[22] *Cazeau v. TPUSA, Inc.*, No. 2:18-cv-00321-RJS-CMR, 2021 WL 1688540 (D. Utah Apr. 29, 2021) ("*Cazeau II*").
[23] *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1188 (10th Cir. 2002). In 2018, Rule 23(e) was amended to include its own four-factor test for fairness of a proposed settlement agreement. The Rule 23(e) factors are: (1) "the class representatives and class counsel have adequately represented the class"; (2) "the proposal was negotiated at arm's length"; (3) "the relief provided for the class is adequate, taking into account: . . . the costs, risks, and delay of trial and appeal"; "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims"; "the terms of any proposed award of attorney's fees, including timing of payment"; and "any agreement required to be identified under Rule 23(e)(3)"; and (4) "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). Additionally, there are also nine FLSA contextual factors that courts consider when analyzing the fairness of an FLSA settlement. *Cazeau II*, 2021 WL 1688540, at *4. The nine FLSA factors are "(1) defendants' business, (2) the type of work performed by plaintiffs, (3) the facts underlying plaintiffs' reasons for justifying their claims, (4) defendants' reasons for disputing plaintiffs' claims, (5) the relative strength and weaknesses of plaintiffs' claims, (6) the relative strength and weaknesses of defendants' defenses, (7) whether the parties dispute the computation of wages owed, (8) each party's estimate of the number of hours worked and the applicable wage, and (9) the maximum amount of recovery to which plaintiffs claim they would be entitled if they successfully proved their claims." *Id.* District courts in this circuit apply a variety of these factors when determining whether an FLSA settlement is fair and reasonable. *See, e.g., Slaughter*, 2019 WL 529512, *7 (applying only the Tenth Circuit's factors); *Cazeau II*, 2020 WL 3605652, at *4 (conducting its analysis using the Tenth Circuit's factors but finding the settlement agreement also satisfied the Rule 23(e)(2) factors and the nine FLSA factors); *James v. Boyd Gaming Corp.*, No. 19-2260-DDC-ADM, 2022 WL 4482477, at *9 (D. Kan. Sept. 27, 2022) (applying only the Tenth Circuit's factors). Here, the court concludes it is sufficient to only analyze the Tenth Circuit's factors when determining whether the settlement is fair and reasonable.
[24] *Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2012 WL 5306273, at *4 (D. Kan. Oct. 29, 2012).

example, the parties disagree on whether the class members are entitled to any relief, the proper methodology for calculating damages, and whether any of the class members could toll the statute of limitations. Third, the parties indicate that they "sought to settle their disputes without the need for significant, protracted, and expensive litigation, especially where the amount in controversy is relatively small." Thus, the parties have weighed the value of immediate recovery and future recovery and determined that the risk of protracted and expensive litigation is outweighed by the benefit of immediate recovery. And fourth, the parties represent that after negotiations, and with the help of their respective counsel, the parties determined it was fair and reasonable to enter into the settlement agreement.

The parties have demonstrated that the settlement agreement is fair and reasonable.

### III.   Attorneys' Fees and Costs

The FLSA provides for recovery of "a reasonable attorney's fee . . . and costs of the action."[25] Courts take differing approaches to determine if an attorney's fee is reasonable. One approach is the "percentage-of-the-fund method" which looks at what percentage of the common fund would be devoted to attorney's fees.[26] Another approach is to calculate a lodestar amount, "which represents the number of hours reasonably expended multiplied by a reasonable hourly rate."[27] The lodestar amount may "be adjusted considering the novelty and difficulty of the question presented, the amount in controversy and results obtained, and the ability of counsel."[28] The lodestar approach is appropriate where the attorney's fees are paid separately from the

---

[25] 29 U.S.C. § 216(b).
[26] *See Cazeau II*, 2021 WL 1688540, at *8; *James*, 2022 WL 4482477, at *13.
[27] *James*, 2022 WL 4482477, at *14 (quoting *Solis v. Top Brass, Inc.*, No. 14-cv-00219-KMT, 2014 WL 4357486, at *4 (D. Kan. Sept. 3, 2014)).
[28] *Keel*, 2018 WL 10509413, at * 3.

settlement fund.[29] That is, the attorney's fees awarded do not decrease the settlement awarded to the class.

Here, the parties negotiated the attorneys' fee award separate from the class members' compensation, and the attorneys' fee will not diminish the class's recovery.[30] Thus, the lodestar analysis is proper. Plaintiffs' counsel represents that they spent more than 100 hours working on this case, including:

> (1) pre-suit investigation and analysis of dōTERRA's pay practices and potential FLSA violations; (2) preparation and filing of the complaint and motion for conditional certification; (3) review and analysis of time and pay records and applicable statutory authority; (3) drafting and service of supplemental Rule 26 disclosures with damage calculations; (4) exchanges of settlement offers and counteroffers; (5) negotiating and finalizing the Settlement Agreement; and (6) preparing the instant motion for court approval.[31]

Plaintiffs' counsel seeks $37,148.04 in attorneys' fees, which is roughly $370 per hour. Plaintiffs' counsel argues this award is appropriate because it is "within the range approved by courts in the [Tenth] Circuit for attorneys with experience in FLSA and employment law" and "represents a fair and reasonable settlement of the disputed amount of fees."[32]

The proposed attorneys' fee award far exceeds the class settlement. However, it is "not uncommon in FLSA cases for attorneys' fees awards to exceed the damages recovered by employees."[33] And "courts have refused to limit recovery of attorneys' fees under the FLSA . . . 'to a proportional fee of their client's recovery' because, if they did, 'no rational attorney would take on these cases unless [the attorney] were doing so essentially pro bono.'"[34]

---

[29] *See James*, 2022 WL 4482477, at *13–14.
[30] Mot. 8.
[31] *Id.* at 7–8.
[32] *Id.* at 8.
[33] *James*, 2022 WL 4482477, at *13.
[34] *Id.*

The requested attorneys' fee award is reasonable considering the amount of time reasonably required to perform the work completed by Plaintiffs' counsel and the requested hourly rate.

With respect to costs, class counsel asks to be reimbursed in the amount of $2,352.00. The parties agreed to this amount in the proposed settlement agreement, and based on the materials provided to the court, this is a reasonable costs amount given the work performed.

## ORDER

For the reasons stated, the court GRANTS the parties' Stipulated Motion for Approval of the Settlement Agreement and for Dismissal with Prejudice.[35] The case is DISMISSED WITH PREJUDICE.

Signed May 22, 2025.

BY THE COURT:

David Barlow
United States District Court Judge

---

[35] ECF No. 98.